

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.  Criminal No. 3:09cr28

MATTHEW JAMES WHITING

**MEMORANDUM OPINION**

Matthew James Whiting, a federal inmate proceeding pro se, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion").[1] (Docket No. 25.) The Government filed its response. (Docket No. 31.) Whiting has replied. (Docket No. 35.) The matter is ripe for disposition.

**I. PROCEDURAL HISTORY**

After receiving information from a confidential source, police officers employed by the City of Richmond, Virginia obtained and executed a state search warrant on Whiting's cell phone. A computer forensic examiner for the Richmond Police Department inspected the contents of the cell phone. The examiner discovered "approximately ninety-eight (98) still image files of child pornography . . . several of which involve[d] prepubescent minors." (Statement of Facts ¶ 3.)

---

[1] The pages of the § 2255 Motion are not conventionally numbered. Rather, the first page is numbered "649" and the page numbers continue sequentially from there. Citations to this document will use these page numbers.

Whiting pled guilty, pursuant to a Plea Agreement, to a Criminal Information charging one count of possession of child pornography. The Court sentenced Whiting to fifty-seven (57) months of imprisonment and five years of supervised release. Whiting did not appeal. Rather, Whiting timely filed the instant § 2255 Motion making the following claim: "Counsel provided ineffective assistance[2] of counsel by having plaintiff sign a 'one-sided' plea agreement."[3] (§ 2255 Mot. 651 (capitalization corrected).)

## II. ANALYSIS

### A. Ineffective Assistance Of Counsel Standard

To demonstrate ineffective assistance of counsel, a defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of

---

[2] The Constitution's Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right to . . . have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

[3] Although he alleges the denial of effective assistance of counsel, Whiting's submissions make clear that "[h]e [s]imply wants the government to submit a Rule 35 Motion for reduction of sentence . . . [in consideration of Whiting's] cooperating and providing substantial assistance." (Mem. Supp. § 2255 Mot. 8.) However, the Government avers that "none of the information provided by [Whiting] . . . led to further law-enforcement activity." (Gov't's Resp. 12.)

Strickland, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. Id. at 697.

In the context of a guilty plea, the Supreme Court modified the second prong of Strickland to require a showing that "there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Whiting's assertion that he would have pled not guilty but for counsel's alleged error (Objection Gov't's Br. (Docket No. 35) 3.) is not dispositive of the issue. See United States v. Mora-Gomez, 875 F. Supp. 1208, 1214 (E.D. Va. 1995). Rather, "[t]his is an objective inquiry and [highly] dependent on the

likely outcome of a trial had the defendant not pleaded guilty." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (internal citation omitted) (citing Hill, 474 U.S. at 59-60). The Court looks to all the facts and circumstances surrounding a petitioner's plea, including the likelihood of conviction and any potential sentencing benefit to pleading guilty. Id. at 369-70.

Of course, in conducting the foregoing inquiry, the representations of the defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Therefore, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (internal citations and quotations omitted). Accordingly, the United States Court of Appeals for the Fourth Circuit has admonished that "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an

evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 221-22.

### B. Whiting's Claim

Whiting claims that counsel "advise[d] him to enter a 'one-sided' plea with ambiguous promises made by counsel. i.e., the government would file a reduction of sentence." (Mem. Supp. § 2255 Mot. 3.) Whiting admits that he entered into the Plea Agreement "in hope of receiving a . . . reduced sentence." (Id. at 1 (emphasis added).) Nevertheless, Whiting insists that, despite his signature on the Plea Agreement and his statement during the Rule 11 colloquy that no one promised him anything outside the Plea Agreement,[4] "his [c]ounsel informed [Whiting]

---

[4] The Plea Agreement states that "[Whiting] agrees that the decision whether to file [a Rule 35 Motion] rests in the sole discretion of the United States." (Plea Agreement ¶ 16.) Moreover, the following exchange occurred at the Rule 11 colloquy:

> THE COURT: Has anyone forced or compelled you in any way to plead guilty to the charge?
>
> [WHITING]: No, Your Honor.
>
> THE COURT: Has anyone promised you anything in order for you to plead guilty other than what is set forth in that written plea agreement?
>
> [WHITING]: No, Your Honor.

(Feb. 20, 2009 Plea Tr. 10:16-22.)

5

that he would receive a downward departure if he provided substantial assistance to the government." (Id. at 6.)

No circumstances exist here that would lead the Court to consider Whiting's prior sworn statements anything but conclusively established. See Lemaster, 403 F.3d at 221. In light of these former statements, Whiting's present contention, that counsel promised him a sentence reduction for substantial assistance, is "palpably incredible and patently frivolous or false." Id. at 221 (internal quotation marks omitted).

Additionally, on this record, the Government had overwhelming evidence of Whiting's guilt.[5] (See Statement of Facts.) Thus, it is "beyond peradventure" that a judge or jury would have found Whiting guilty had he gone to trial. See Meyer, 506 F.3d at 369. Furthermore, by pleading guilty, Whiting gained the benefit of a three-level reduction in offense level. (Pre-sentence Report Attach. D ¶ 2.)

Whiting's sworn statements, coupled with the Government's evidence and the tangible benefit received by Whiting, belies any reasonable probability that Whiting "would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. Thus, Whiting fails to show prejudice resulting

---

[5] Whiting stipulated that the Government could prove all of the facts in the Statement of Facts "beyond a reasonable doubt." (Statement of Facts 1.)

6

from counsel's advice that he plead guilty pursuant to the Plea Agreement. Id. Accordingly, Whiting's claim will be dismissed.

### III. OUTSTANDING MOTIONS

#### A. Motion To Proceed In Forma Pauperis

Whiting, submitting an in forma pauperis declaration, requests permission to proceed without payment of fees. Whiting's Motion to Proceed In Forma Pauperis (Docket No. 24) will be granted.

#### B. Motion For Request of Transcripts

Whiting also "request[s] transcripts from his Plea Colloquy and Sentencing Hearings" free of charge. (Mot. Tr. (Docket No. 28) 1.) Copies of documents are provided to indigent litigants at government expense only upon a showing of particularized need. Whiting fails to make any showing of particularized need. Rule 2(b) of the Rules Governing Section 2255 Proceedings requires only that the facts in support of a claim for relief be set forth in summary form. Whiting's submissions make clear that he can rely upon his own recollection of the court proceeding. See United States v. Butler, 178 F. App'x 327, 327 (4th Cir. 2006) (citing United States v. Shoaf, 341 F.2d 832, 835 (4th Cir. 1964)). Whiting is not entitled to free copies "merely to comb the record in the

hope of discovering some flaw." United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963). Accordingly, Whiting's Motion for Request of Transcripts (Docket No. 28) will be denied.[6]

## IV. CONCLUSION

Whiting's Motion to Proceed In Forma Pauperis (Docket No. 24) will be granted and his Motion for Request of Transcripts (Docket No. 28) will be denied. Whiting's claim will be dismissed. Whiting's § 2255 Motion (Docket No. 25) will be denied and the action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

---

[6] The Court notes that the Government provided Whiting with a transcript of the February 20, 2009 plea colloquy. (See Gov't's Resp. Ex. A.)

Whiting fails to satisfy this standard. Accordingly, a certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Whiting and counsel of record.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: May 1, 2012
Richmond, Virginia